**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ronnie Theodore WALTERS, Defendant–Appellant.**

**No. 01–50317.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 2002.

Filed Oct. 28, 2002.

Darlene M. Ricker, Ricker & Mercado, Beverly Hills, CA, for the defendant-appellant.

Patrick K. O'Toole, United States Attorney (on brief), Carol C. Lam, United States Attorney (at time of argument and when opinion was filed), Deborah J. Rhodes, Assistant United States Attorney, U.S. Attorney's Office, San Diego, CA, for the plaintiff-appellee.

Donald M. Re, Los Angeles, CA; Karen L. Landau, Peter Goldberger & Karen L. Landau, Ardmore, PA; David M. Porter, Sacramento, CA; and John T. Philipsborn, Law Offices of John T. Philipsborn, San Francisco, CA, for the amici curiae.

Before THOMPSON and
RAWLINSON, Circuit Judges, and
SCHWARZER,* Senior District Judge.

## OPINION

SCHWARZER, Senior District Judge.

Ronnie Theodore Walters appeals the judgment and sentence after his conviction on two counts of conspiracy to possess with intent to distribute at least 5 kg of cocaine and attempted possession of at least 5 kg of cocaine. 21 U.S.C. §§ 963, 960, 952, 846, 841(a)(1), 853 and 18 U.S.C. § 2. We have jurisdiction under 18 U.S.C. § 1291, and affirm.

## INTRODUCTION

Walters' principal contention is that the district court violated his Sixth Amendment right to counsel of choice in refusing to grant his attorney *pro hac vice* status for his sentencing. Before reaching that issue, we consider Walters' other contentions on appeal. He contends that the evidence was insufficient to support the conviction, that the district court erred in denying his motion to suppress wiretap evidence, in refusing to depart downward for Walters' role in the offense, and in increasing his offense level by two levels for perjury, and that the asset forfeitures were unconstitutional and invalid. He advanced his contentions in conclusory fashion lacking evidentiary support and reasoned analysis. Having considered them, we find them to be without merit.

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

## DENIAL OF APPLICATION TO APPEAR *PRO HAC VICE.*

▆ In advance of his scheduled sentencing date, Walters retained Mr. Alan Ellis as lead counsel for sentencing. Mr. Ellis applied to the district court to appear *pro hac vice* for Walters. Mr. Ellis is a nationally-recognized expert in federal criminal sentencing. He is a member of the Bar of the Supreme Court of Pennsylvania, admitted to practice before the Supreme Court of the United States and various United States Courts of Appeals, including the Ninth Circuit, and frequently appears in courts throughout the United States. Mr. Ellis has offices in Pennsylvania and California and resides in California, but he is not a member of the California State Bar. The district court issued an order denying the application, stating:

An attorney is not eligible to practice *pro hac vice* in this district if the attorney "(1) resides in California, (2) is regularly employed in California, or (3) is regularly engaged in business, professional or other activities in California." Local Civil Rule 83.3(c)(5). Alan Ellis declares that he resides in California, maintains a law office in California, and regularly practices law in this state. Because Alan Ellis cannot satisfy the conditions for appearing pro hac vice in this district, his application is denied.

We normally review a denial of a motion to appear *pro hac vice* for abuse of discretion. *United States v. Ries*, 100 F.3d 1469, 1472 (9th Cir.1996); *but see Munoz v. Hauk*, 439 F.2d 1176, 1179 (9th Cir.1971) (holding that denial of *pro hac vice* status based on interpretation of local rule to preclude such status is not an "exercise of discretion in its ordinary sense"). Where, as here, the issue presented is one of law,

review is *de novo. See United States v. Carranza,* 289 F.3d 634, 643 (9th Cir.2002).

■ The rule states in relevant part:

Unless authorized by the Constitution or acts of Congress, an attorney is not eligible [to appear *pro hac vice* if he] ... (1) resides in California, (2) is regularly employed in California, or (3) is regularly engaged in business, professional, or other activities in California.

Civ. L.R. 83.3(c)(5), *Pro Hac Vice,* (S.D.Cal.2000).[1] Walters contends that the rule as applied to him as a criminal defendant violates the Sixth Amendment by denying him the right to be represented at sentencing by his privately retained attorney of choice. That right, he argues, includes the right to have his attorney admitted *pro hac vice,* if necessary, unless some countervailing consideration outweighs the defendant's constitutional interest.

We agree. "A defendant's right to the counsel of his choice includes the right to have an out-of-state lawyer admitted *pro hac vice.*" *United States v. Lillie,* 989 F.2d 1054, 1056 (9th Cir.1993) (citation omitted), *overruled on other grounds by United States v. Garrett,* 179 F.3d 1143 (9th Cir.1999). "[A] decision denying a *pro hac vice* admission necessarily implicates constitutional concerns." *Panzardi–Alvarez v. United States,* 879 F.2d 975, 980 (1st Cir.1989) (citation omitted). The Sixth Amendment grants criminal defendants a qualified constitutional right to hire counsel of their choice but the right is qualified in that it may be abridged to serve some "compelling purpose." *United States v. D'Amore,* 56 F.3d 1202, 1204 (9th Cir.1995), *overruled on other grounds by United States v. Garrett,* 179 F.3d 1143 (9th Cir.1999). "A criminal defendant's exercise of this right cannot unduly hinder

the fair, efficient and orderly administration of justice." *United States v. Panzardi Alvarez,* 816 F.2d 813, 816(1st Cir.1987) (citations omitted). "The sixth amendment, however, does not countenance the mechanistic application of a rule that permits a district court, without articulating any grounds, to deny a defendant his right to counsel of choice." *Id.* at 817. The *Panzardi* court further stated:

The mere fact that a defendant seeks to retain an out-of-state attorney does not hinder the efficacious administration of justice. His choice of counsel must be respected unless it would unreasonably delay proceedings or burden the court with counsel who was incompetent or unwilling to abide by court rules and ethical guidelines.

816 F.2d at 817–18.

Here, the district court applied the local rule mechanistically, without discussion of whether the interest of the "fair, efficient and orderly administration of justice" required denial of the application. The sole ground cited by the district court for denying Ellis's *pro hac vice* application was the local rule. The court did not find that permitting Mr. Ellis to appear would hinder or delay the proceedings. Nor did the court interpret the rule as denying him the discretion to consider whether legitimate reasons existed for denial of the application. We think that such discretion is implicit in the introductory phrase, "Unless authorized by the Constitution or acts of Congress." We conclude that the rule as applied by the district court denied Walters' Sixth Amendment right to counsel of his choice.

## HARMLESS ERROR

■ Having found that the district court erred, we must determine whether the er-

---

1. Civil Local Rule 1.1(c) provides that the "Civil Rules shall apply to all actions and proceedings, including criminal."

ror was harmless. For purposes of harmless error analysis, constitutional errors at trial fall into two categories: so-called trial errors—errors subject to harmless error analysis—and so-called structural errors— errors that "defy analysis by 'harmless error' standards." *Arizona v. Fulminante*, 499 U.S. 279, 309, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). Structural errors are "so intrinsically harmful as to require automatic reversal." *Neder v. United States*, 527 U.S. 1, 7, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). We have defined structural error as an error that "permeates '[t]he entire conduct of the trial from beginning to end,' or 'affect[s] the framework within which the trial proceeds.'" *Rice v. Wood*, 77 F.3d 1138, 1141 (9th Cir.1996) (citation omitted). In *Neder v. United States*, the Supreme Court explained:

> [W]e have found an error to be "structural" and thus subject to automatic reversal only in a "very limited class of cases." *Johnson v. United States*, 520 U.S. 461, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (citing *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (complete denial of counsel); *Tumey v. Ohio*, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927) (biased trial judge); *Vasquez v. Hillery*, 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986) (racial discrimination in selection of grand jury); *McKaskle v. Wiggins*, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984) (denial of self-representation at trial); *Waller v. Georgia*, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984) (denial of public trial); *Sullivan v. Louisiana*, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993) (defective reasonable doubt instruction)).

527 U.S. at 8, 119 S.Ct. 1827.

■ Here, the district court's constitutional error did not amount to a "complete denial of counsel." Because it impacted only the sentencing phase, it did not affect the conduct of the trial "from beginning to end." *Campbell v. Rice*, 302 F.3d 892, 899–900 (9th Cir.2002) (citation omitted). Walters' *pro hac vice* attorney was excluded from participating only in the sentencing phase, not the guilt phase. This exclusion did not affect the "framework within which the trial proceed[ed]." *See also United States v. Santos*, 201 F.3d 953, 960 (7th Cir.2000) (suggesting structural error limited to cases of complete denial of counsel of choice).

■ Moreover, Walters' situation does not "defy analysis by 'harmless error' standards." *Fulminante, supra.* The test for determining whether a constitutional error is harmless is "whether it appears 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" *Neder*, 527 U.S. at 15, 119 S.Ct. 1827, quoting *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Applying the harmless error analysis to the facts of this case, it is evident that Walters was well-represented at sentencing. Walters' attorneys successfully argued for a sentence of 188 months when the PSR recommended 292–365 months and the Government recommended 360 months to life. The alleged sentencing errors raised on this appeal lack substance. Accordingly, we conclude that the erroneous denial of Walters' *pro hac vice* motion was harmless.

AFFIRMED.