**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Christina CAMERON, Defendant–**
**Appellant.**

No. 05–50611.
D.C. No. CR–03–571–SVW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 2006.

Decided June 30, 2006.

Pegeen D. Rhyne, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff—Appellee.

Firdaus F. Dordi, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant—Appellant.

Before: KOZINSKI and GOULD, Circuit Judges, and MARTINEZ, District Judge.*

MEMORANDUM **

■ 1. On her motion for a new trial in the district court, Ms. Cameron proffered as newly discovered evidence the potential testimony of Mr. Tufenkchyan that she was not one of his co-conspirators. This Court has consistently held that co-defendants who offer exculpatory evidence after they have been sentenced do not offer "newly discovered" evidence, or evidence sufficiently credible to merit a new trial. *United States v. Reyes-Alvarado,* 963 F.2d 1184, 1188–89 (9th Cir.1992); *United States v. Lockett,* 919 F.2d 585, 591 (9th Cir.1990); *United States v. Diggs,* 649 F.2d 731, 740 (9th Cir.1981). Accordingly, the district court did not abuse its discretion in denying Ms. Cameron's motion for a new trial on the basis of newly discovered evidence.

■ 2. Ms. Cameron raises a challenge to the reasonableness of her sentence. At Ms. Cameron's sentencing hearing, the district judge listened to Ms. Cameron's arguments pertaining to the § 3553(a) factors that she had raised in mitigation, asked questions about the factors he was considering for sentencing purposes, and took into account the fact that her co-

defendants had received 41–month and 30–month sentences. The court then sentenced Ms. Cameron to 36 months imprisonment, five months below the applicable sentencing range. In *United States v. Knows His Gun,* 438 F.3d 913 (9th Cir. 2006), we held that the district court must only make "a showing that [it] *considered* the statutorily-designated factors in imposing a sentence." *Knows His Gun,* 438 F.3d at 918 (emphasis added). We conclude that the court made such a showing here. Where the sentence imposed is below the guideline range, it is clear that the district judge implicitly considered the pertinent § 3553 factors as advocated by the defendant. Therefore, we conclude that Ms. Cameron's sentence is reasonable.

3. As a condition of supervised release, the district court ordered Ms. Cameron to "submit to drug and alcohol testing as instructed by the probation officer." Relying on *United States v. Stephens,* 424 F.3d 876 (9th Cir.2005), Ms. Cameron argues that the condition must be vacated because it impermissibly delegates the number of non-treatment drug tests to the probation officer as opposed to the court.

As a threshold matter, we reject the government's argument that defendant's challenge to the condition is not ripe for review. *See United States v. Williams,* 356 F.3d 1045, 1051 (9th Cir.2004) (citing *United States v. Johnson,* 998 F.2d 696 (9th Cir.1993)).

■ Where no objection is made to the supervised release condition in the district court, this Court reviews for plain error. *United States v. Rearden,* 349 F.3d 608, 618 (9th Cir.2003). The government concedes that the district court committed

---

* The Honorable Ricardo S. Martinez, District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

plain error under *Stephens,* but argues that Ms. Cameron has failed to satisfy the two remaining requirements under plain error review—namely, the failure to specify the maximum number of drug tests does not affect Ms. Cameron's substantial rights, and the error does not affect the integrity of judicial proceedings.

■ Ms. Cameron argues that the error committed constitutes "structural error," and therefore, no specific showing of prejudice is necessary. This Court has defined structural error "as an error that 'permeates the entire conduct of the trial from beginning to end, or affects the framework within which the trial proceeds.'" *United States v. Jimenez Recio,* 371 F.3d 1093, 1101 (9th Cir.2004) (quoting *Rice v. Wood,* 77 F.3d 1138, 1141 (9th Cir.1996)) (internal citations and quotation marks omitted); *see also United States v. Walters,* 309 F.3d 589, 593 (9th Cir.2002). We simply do not find that the failure to cap the number of drug tests imposed on Ms. Cameron constitutes error of this magnitude. The error complained of affects only one phase of the criminal proceeding, "and a tangential aspect at that." *United States v. Padilla,* 415 F.3d 211, 219 (1st Cir.2005) (*en banc*). Thus, we must determine whether Ms. Cameron has demonstrated prejudice.

Ms. Cameron has not shown that, but for the error, the district judge would have authorized fewer tests. Indeed, she fails to address prejudice at all in her briefing, except to the extent that she argues she need not show it. Her prejudice argument is therefore waived. *See Kohler v. Inter-Tel Techs.,* 244 F.3d 1167, 1182 (9th Cir. 2001) (explaining that "[i]ssues raised in a brief which are not supported by argument are deemed abandoned."). Accordingly, we conclude that, despite the delegation error, Ms. Cameron's sentence may stand.

■ 4. We review a written judgment and commitment order for an unambiguous conflict with the oral pronouncement of sentence. *United States v. Munoz-Dela Rosa,* 495 F.2d 253, 255 (9th Cir. 1974). In this case there is no such conflict. The purpose of testing for drugs and alcohol is to make sure a defendant is not using them. Accordingly, the written judgment merely clarified the oral pronouncement.

**AFFIRMED.**