UNITED STATES of America, Plaintiff—Appellee,

v.

Frank ACOSTA, Defendant—Appellant.

No. 05–50477.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2006.

Filed June 14, 2007.

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Becky S. Walker, Esq., Daniel N. Shallman, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Karen L. Landau, Esq., Oakland, CA, Andrew M. Stein, Esq., Bellflower, CA, for Defendant–Appellant.

Before: GIBSON *, FISHER, and CALLAHAN, Circuit Judges.

## AMENDED MEMORANDUM **

Appellant was convicted by a jury on a multiple-count indictment involving a scheme to defraud the Department of Housing and Urban Development (HUD) by providing fraudulent home loan applications to HUD-endorsed lenders to secure the sale of several residential properties. He appeals his conviction advancing claims of prosecutorial misconduct. He also challenges the district court's denial of a pro hac vice motion—filed by Alan Ellis, Esq., an attorney licensed only in Pennsylvania but living in California—to represent him at sentencing. We affirm appellant's conviction but vacate his sentence and remand for resentencing.

### Prosecutorial Misconduct Claims

Any evidentiary errors made by the prosecution during its examination of witnesses Gonzalez, Current, and Madrigal do not amount to reversible prosecutorial misconduct or vouching. *See United States v. Meling,* 47 F.3d 1546, 1558 (9th Cir.1995) (holding that inadmissible character evidence sought by the prosecution, standing alone, does not amount to prosecutorial misconduct, citing to *United States v. Yarbrough,* 852 F.2d 1522, 1539 (9th Cir. 1988)); *United States v. Berry,* 627 F.2d 193, 197–98 (9th Cir.1980) (explaining that a timely instruction from the judge usually cures the prejudicial impact of inadmissible evidence unless the instruction is inadequate or the evidence is highly prejudicial).

We recognize that the government violated appellant's Fifth Amendment right to be convicted solely on the evidence adduced at trial, under *United States v. Schuler,* 813 F.2d 978, 981–82 (9th Cir.1987), by commenting in its closing argument on appellant's demeanor in the courtroom throughout the trial. However, unlike in *Schuler,* appellant's counsel failed to object to the error. Therefore, appellant must overcome a heightened standard of review—that of plain error. *See United States v. Geston,* 299 F.3d 1130, 1134–35 (9th Cir.2002) (applying plain error review to alleged prosecutorial misconduct claim where appellant failed to raise issue at trial).

Because there was substantial evidence of appellant's guilt, the prosecutor's improper comment during his rebuttal closing argument was not plain error. The government presented evidence from three coconspirators, a tape-recorded admission to one illegal transaction through a fourth witness, and financial documents, including loan documents and checks signed by appellant and deposited into his personal investment account. Moreover, the loan documents in evidence refuted the testimony of appellant's girlfriend that she was committing fraud motivated by commissions she received on the illegal sales transactions. Accordingly, appellant has failed to establish that the Fifth Amendment violation affected his substantial rights or the "fairness, integrity, or public reputation" of the trial, or resulted in "a miscarriage of justice." *See id.* at 1135 (citations omitted).

---

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

■ Nor do the government's evidentiary errors—considered cumulatively with the prosecutor's unconstitutional closing remark—require reversal because the cumulative errors were harmless.[1] Based on the overwhelming evidence of guilt in this case, we conclude that the errors did not materially affect the verdict. *United States v. Seschillie,* 310 F.3d 1208, 1214 (9th Cir.2002) (explaining that nonconstitutional error warrants reversal only when it is more probable than not that the error materially affected the verdict) (internal citation omitted).

*Appellant's Right to Counsel at Sentencing*

■ We agree with appellant that, under *United States v. Walters,* 309 F.3d 589 (9th Cir.2002), he was deprived of his right to counsel of choice under the Sixth Amendment when the district court denied the motion of Alan Ellis, Esq., to represent him for sentencing pro hac vice. While the district court explained its reason for denying Ellis's motion, the reason was not based on judicial administration considerations, but rather on Ellis's ongoing practice of law in federal court in California through pro hac vice applications. The district court's reason for denying Ellis's motion was squarely rejected in *Walters. See id.* at 592.

■ We also agree with appellant that the error was not harmless beyond a reasonable doubt.[2] Contrary to the situation in *Walters,* appellant was sentenced above the advisory guideline minimum and he unsuccessfully argued for a downward departure. Moreover, the district court's sentencing authority is now completely discretionary. *See United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Therefore, the government failed to prove that appellant's deprivation of the counsel of his choice at sentencing did not contribute to a sentence greater than he would have received had he been represented by Ellis. *See Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) (placing the burden to establish harmlessness of constitutional error on the beneficiary of the error); *Walters,* 309 F.3d at 593 (internal citations omitted).

We vacate appellant's sentence and remand for resentencing. We do not remand for the district court to reconsider appellant's motion for a new trial. Acosta's counsel of record who filed the new trial motion represented to the court that appellant's association with Ellis was for sentencing purposes, and in any case that motion was filed ten days before Ellis's pro hac vice application was denied.

Appellant's conviction is **AFFIRMED.**

Appellant's sentence is **VACATED** and this case is **REMANDED** for resentencing.

---

1. The evidentiary errors here are subject to nonconstitutional harmless error review. While the prosecutor's closing remarks constituted constitutional error, appellant failed to preserve the error. Therefore, our standard of review of the cumulative error is unclear. *See United States v. Weatherspoon,* 410 F.3d 1142, 1151 (9th Cir.2005) (reversing under heightened plain error review when only some error was preserved at trial, thereby avoiding deciding whether harmless error or plain error review applies to cumulative error). Because we affirm under the standard of review most favorable to appellant, we do not decide which standard of review applies to the review of cumulative error.

2. Because we hold that the district court's error was not harmless, we do not decide whether *United States v. Gonzalez–Lopez,* —— U.S. ——, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006) (holding that the denial of right to counsel of choice at trial is structural error not subject to harmless error review), overrules our holding in *Walters* that harmless error review applies to the denial of counsel of choice at sentencing.

## ORDER

The memorandum disposition filed in this case on February 27, 2007, is hereby amended. The attached amended memorandum disposition is filed concurrently with this order.

Judges Fisher and Callahan have voted to deny the petition for panel rehearing and the petition for rehearing en banc. Judge Gibson has voted to deny the petition for rehearing and recommended denial of the petition for rehearing en banc.

The full court was advised of the petition for rehearing en banc and no judge requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35(a).

The petition for panel rehearing and for rehearing en banc is DENIED. No further petitions for panel or en banc rehearing will be entertained.