**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Walter PEARSE, Defendant—
Appellant.**

No. 08–10059.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 9, 2009.*

Filed Feb. 23, 2009.

Jesse Joseph Figueroa, Assistant U.S., George Ferko, Assistant U.S.; USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Brick P. Storts, III, Esquire, Barton & Storts, Tucson, AZ, for Defendant–Appellant.

Before: NOONAN, BERZON and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Defendant–Appellant Walter Pearse appeals his conviction for conspiracy to possess marijuana with the intent to distribute, in violation of 21 U.S.C. § 846, and possession of marijuana with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1)–(b)(1)(C). Pearse contends that some of the evidence introduced against him at trial was obtained pursuant to a constitutionally invalid search warrant. We affirm Pearse's conviction on the basis that any evidence seized pursuant to the warrant and admitted at trial was harmless beyond a reasonable doubt. We affirm on this basis not because we deem the warrant to be invalid, but because, regardless of its validity, the evidence

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).1

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

could not have affected the outcome of the trial. See *Chapman v. California,* 386 U.S. 18, 22, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

A constitutional error by a district court is harmless when it appears "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Chapman,* 386 U.S. at 23–24, 87 S.Ct. 824; *United States v. Walters,* 309 F.3d 589, 593 (9th Cir.2002), *cert. denied,* 540 U.S. 846, 124 S.Ct. 121, 157 L.Ed.2d 84 (2003). "Review for harmless error requires not only an evaluation of the remaining incriminating evidence in the record, but also the most perceptive reflections as to the probabilities of the effect of [the] error on a reasonable trier of fact." *United States v. Bishop,* 264 F.3d 919, 927 (9th Cir.2001) (internal quotations omitted).

The only items of evidence introduced at trial that could have come from the allegedly invalid search are miscellaneous bond receipts and wire transfers; release paperwork from alleged co-conspirator Larosa Knoxsah's previous incarceration; a warrant regarding Knoxsah issued by the Tohono O'Odham Nation; a U.S. Customs Service document showing that two bags of documents were released to Pearse in the period between an initial search of his home and the subsequent warranted search; and insurance paperwork relating to the load car that was found in Pearse's home.

The wire transfers, money orders, and legal paperwork pertaining to Knoxsah were introduced to demonstrate the nature of Knoxsah's relationship with Pearse. Other testimony introduced at trial, however, addressed their relationship in far greater detail, including extensive testimony from both Knoxsah and Pearse.

The U.S. Customs Service document, introduced to demonstrate that many of the documents seized during the preliminary consent search (which Pearse does not challenge) were later photocopied and returned to Pearse, was entirely peripheral to whether Pearse was guilty of the charged offense.

Finally, the paperwork found in Pearse's home that indicates that he paid for insurance on the load car is cumulative. During cross-examination, Pearse admitted that he insured the load car. Additionally, if the value of this evidence was to link Pearse to the car, there is other evidence, indisputably independent from the warranted search, that serves the same purpose, including, for example, an "affidavit" found in the load car bearing Pearse's name.

In short, none of the above mentioned evidence was "highly prejudicial" to Pearse at trial, *Chapman,* 386 U.S. at 24, 87 S.Ct. 824, and its absence would not have altered the opinion of an "honest, fair-minded juror[ ]," *id.* at 26, 87 S.Ct. 824.

Not only was the evidence seized during the challenged search of minimal probative value, other evidence independent of the search and unchallenged by Pearse overwhelmingly supported his conviction. For example, Knoxsah and Brandi Safko testified that Pearse hired them to transport marijuana across the United States/Mexico border, and described Pearse's drug operation in great detail. Officer Felix Manuel testified to several incriminating statements made by Pearse during a controlled delivery of the marijuana found in the load car, and a transcript of Pearse's taped conversation with Manuel was introduced at trial. The government also introduced several pieces of documentary evidence indisputably seized prior to the challenged search, including: the "affidavit" found in the car bearing Pearse's name; various ledgers with handwritten notes regarding drug deals; a book with the telephone numbers of several co-conspirators; and

pictures of another car with a hidden trunk compartment found on Pearse's property.

In sum, the few documents that may have been obtained during the allegedly improper search were of only marginal, if any, relevance to Pearse's guilt. In addition, the government introduced extremely strong evidence of Pearse's guilt, which was unrelated to the allegedly unlawful search and unchallenged by Pearse. We therefore affirm the district court's conviction on the grounds that any error in admitting the documents was harmless beyond a reasonable doubt.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.