**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 26 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10309 |
| Plaintiff - Appellee, | D.C. No. 2:12-CR-266-KJM |
| v. | |
| RANDY K. BARKER, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted November 18, 2014
San Francisco, California

Before: FERNANDEZ and IKUTA, Circuit Judges, and DANIEL, Senior District
Judge.**

Randy Barker (Barker) appeals from his jury conviction for conspiracy to

defraud the United States with respect to false claims, submission of false,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Wiley Y. Daniel, Senior United States District Judge
for the District of Colorado, sitting by designation.

fictitious, or fraudulent claims, and money laundering. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review for abuse of discretion the district court's grant of court appointed defense counsel's motion to be relieved from representation after Barker sued him in a civil lawsuit. *See United States v. Rivera-Corona*, 618 F.3d 976, 978 (9th Cir. 2010). We conclude the district court did not abuse its discretion. Barker's lawsuit was sufficient to create a conflict of interest with his counsel. *See United States v. Moore*, 159 F.3d 1154, 1158 (9th Cir. 1998). To the extent that Barker was without counsel during the detention/bail hearing, we conclude that this was harmless error. *See United States v. Walters*, 309 F.3d 589, 593 (9th Cir. 2002).[1]

We review de novo Barker's argument that the district court erred in instructing the jury that the Internal Revenue Service (IRS) is a government agency. *United States v. Warren*, 25 F.3d 890, 897 (9th Cir. 1994). We conclude that the district court did not err in concluding that the IRS is a government agency as a matter of law. *See, e.g.,* 5 U.S.C. § 101; 31 U.S.C. § 301; 26 C.F.R.

_____

[1] This case was originally assigned to Senior District Judge Shubb, who presided over a majority of the pretrial matters. Prior to trial, Judge Shubb recused himself, and the matter was reassigned to District Judge Mueller. These issues arise from a decision by Judge Shubb. The remaining issues arise from decisions by Judge Mueller.

§ 601.101. However, to the extent that giving the instruction was error, such error was harmless beyond a reasonable doubt. *See Schwendeman v. Wallenstein*, 971 F.2d 313, 316 (9th Cir. 1992).

Finally, we review the district court's interpretation of the United States Sentencing Guidelines de novo and its factual findings, including whether a defendant obstructed justice, for clear error. *See United States v. Garro*, 517 F.3d 1163, 1167 (9th Cir. 2008). The obstruction of justice enhancement applies when a defendant impedes or attempts to impede the official investigation and prosecution of the instant offense. U.S.S.G. § 3C1.1 cmt. 4. We conclude that the district court did not err in imposing the obstruction of justice sentencing enhancement because, based on the facts, it could reasonably infer from the timing of Barker's actions that he was encumbering the property to avoid a tax lien. *See* U.S.S.G. § 3C1.1.

**AFFIRMED**.