**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50324 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00313-PA-2 |
| v. | |
| VAHE TAHMASIAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted December 9, 2015
Pasadena, California

Before: GOULD and BERZON, Circuit Judges; and STEEH,** Senior District Judge.

Defendant-Appellant Vahe Tahmasian ("Tahmasian") appeals his jury

conviction and sentence for conspiracy to commit healthcare fraud, in violation of 18

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable George Caram Steeh, Senior District Judge for the U.S. District Court for the Eastern District of Michigan, sitting by designation.

U.S.C. § 1349 (Count I); multiple counts of health care fraud, in violation of 18 U.S.C. §§ 1347 and 2 (Counts II–VII); and multiple counts of aggravated identity theft, in violation of 18 U.S.C. §§ 1028A and 2 (Counts XIV-XIX). The evidence at trial established that Tahmasian and his co-conspirator created a fictitious person, "Jorge Luis," to purchase Orthomed Appliance, Inc. ("Orthomed"), a durable medical equipment company. Tahmasian and his co-conspirator, through Orthomed, carried out the charged healthcare fraud and aggravated identity theft.

Tahmasian argues that the district court improperly allowed FBI Special Agent Amy Whitman ("Whitman") to testify as an expert witness under Federal Rule of Evidence 702. During the course of the investigation, Whitman reviewed multiple items bearing the signature of "Jorge Luis": a receipt, checks originating from Orthomed, and documents sent to Medicare. Based on her familiarity with the signatures, Whitman was allowed to offer opinion testimony as a lay witness. At trial, Whitman testified that the signature on the receipt was consistent with the signatures on the checks and other documents. Tahmasian later testified that it was his signature on the receipt, but not on any of the other materials.

Assuming without deciding that the district court erred in allowing Whitman's testimony, either as an expert or as a lay witness, the error was harmless. A trial error challenged on direct appeal is subject to the "harmless error" analysis. Lee v.

2

Marshall, 42 F.3d 1296, 1298 (9th Cir. 1994) (per curiam). This requires a determination of "whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." United States v. Walters, 309 F.3d 589, 593 (9th Cir. 2002) (citation omitted). Here, any error was harmless because the jury heard the entirety of the testimony and was free to compare the documents during deliberations. Whitman's testimony, therefore, did not usurp the role of the jury, nor did it violate Tahmasian's right to confrontation.

Tahmasian also complains that Whitman's testimony amounted to a fatal variance or constructive amendment to the First Superseding Indictment. Having failed to raise this issue at trial, we review for plain error. United States v. Ward, 747 F.3d 1184, 1188 (9th Cir. 2014).

"The Fifth Amendment's grand jury requirement establishes the 'substantial right to be tried only on charges presented in an indictment returned by a grand jury.'" United States v. Antonakeas, 255 F.3d 714, 721 (9th Cir. 2001) (citation omitted). Thus, "'[a]n indictment is amended when it is so altered as to charge a different offense from that found by the grand jury.'" Id. (citation omitted). Similarly to a constructive amendment, a variance occurs where "the prosecution presents a complex of facts distinctly different from that set forth in the charging instrument and not applied where there is a single set of facts." Id. at 722 (citation omitted); see also

3

United States v. Sullivan, 522 F.3d 967, 980 (9th Cir. 2008) (per curiam).  A variance is fatal only when "the defendant could not have anticipated from the indictment what evidence would be presented at trial."  Antonakeas, 255 F.3d at 722 (citation omitted).

At trial, Whitman testified that checks were written by "Jorge Luis" and cashed at check cashing stores, and that debit cards in the name of "Jorge Luis" were used to withdraw money and make purchases at stores.  Whitman's testimony does not amount to a fatal variance from or constructive amendment to the First Superseding Indictment.  The substance of Whitman's testimony was specifically alleged in Count I.  Where the government alleges conduct in an indictment and offers proof of that conduct at trial, there is no variance.  See Sullivan, 522 F.3d at 981.  Moreover, a constructive amendment did not occur because the evidence at trial did not alter or amend the indictment so as to charge a different offense from that found by the grand jury.

Next, Tahmasian avers that HHS Agent Amy Richard's stricken testimony, and the stricken exhibits first admitted into evidence through her testimony, were prejudicial.  Tahmasian is incorrect.  The district court informed the jury that the testimony and exhibits were stricken.  During final instructions, the district court directed the jury to disregard any stricken testimony and not to consider it in deliberations.  Tahmasian did not request any different instruction at any time.  Jurors

4

are presumed to have followed instructions given by the district court. Fields v. Brown, 503 F.3d 755, 781 (9th Cir. 2007) (en banc). Given that Tahmasian did not object to any of the district court's instructions, he has failed to establish plain error.

Based on the asserted errors described above, Tahmasian argues that cumulative error tainted the fairness of the trial proceedings and undermined the sufficiency of the evidence. To the extent that there were any errors during the trial proceedings, they were isolated and do not rise to the level of cumulative error. Reviewing "all errors preserved for appeal and all plain errors," United States v. Necoechea, 986 F.2d 1273, 1282 (9th Cir. 1993), Tahmasian has not shown "that the combined effect of multiple trial court errors violate[d] due process" by rendering "the resulting criminal trial fundamentally unfair." Parle v. Runnels, 505 F.3d 922, 927 (9th Cir. 2007).

Finally, Tahmasian contends that the district court relied on inadmissible evidence during sentencing proceedings. We disagree. A review of the sentencing transcript reveals that the district court merely summarized the evidence offered at trial. In any event, "[a] district court may consider evidence ruled inadmissible at trial in determining relevant conduct at sentencing." United States v. Mattarolo, 209 F.3d 1153, 1160 (9th Cir. 2000) (citing United States v. Kim, 25 F.3d 1426, 1432–33 (9th Cir. 1994)). The district court did not consider any impermissible evidence during the sentencing proceedings.

AFFIRMED.