NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

TORRENCE E. DAVIS, *Appellant*.

No. 1 CA-CR 17-0529
FILED 1-22-2019

Appeal from the Superior Court in Maricopa County
Nos. CR2012-152527-001 DT
CR2016-135082-001 DT
The Honorable Christopher A. Coury, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jesse Finn Turner
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Kenton D. Jones joined.

---

**W I N T H R O P**, Presiding Judge:

¶1        Torrence E. Davis appeals his conviction and sentence for theft of means of transportation.[1]  He argues the trial court committed reversible error by depriving him of his right to represent himself both (1) at trial and (2) before sentencing.  For the following reasons, we affirm his conviction and sentence.

## FACTS AND PROCEDURAL HISTORY[2]

¶2        Davis was stopped by law enforcement while driving a stolen vehicle.  He was convicted of theft of means of transportation and sentenced to 11.25 years' imprisonment.

¶3        He timely appealed his conviction and sentence.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A)(1), (3), and (4).

## ANALYSIS

   I.     *The court did not deprive Davis of the right to represent himself at trial.*

¶4        Before trial, Davis told the court he had discovery motions he wanted his attorney to file.  Davis told the court that if his attorney did not

---

[1]        Davis also appeals his probation revocation, for which he received a consecutive, minimum sentence of 1.5 years' imprisonment, but he raises no issue in that regard.  We note that, pursuant to his plea agreement, he knowingly waived his right to appeal that conviction and sentence, and we find no error in the subsequent revocation and sentencing proceedings.

[2]        We view the facts in the light most favorable to sustaining the verdict. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013) (citation omitted).

file those motions, he would be willing to represent himself. The court told him the following:

> Well, you can go pro per if you want to, but at this point, your attorney is the one that decides strategy. Your attorney is the one that decides what motions get filed and what motions don't get filed. He's not going to file a motion that he doesn't think there's a legal basis for.

Davis responded:

> I do. So if that's the case, I have to file, I have to go pro per, then that's what I want to do.

The court never directly addressed this statement. Davis argues the failure to address the statement amounted to the deprivation of his right to represent himself. We review the denial of a defendant's motion to represent himself for an abuse of discretion. *See State v. Boggs*, 218 Ariz. 325, 338, ¶ 62 (2008). Regardless of the standard of review, the erroneous denial of a pretrial or mid-trial motion for self-representation is structural error requiring reversal without a showing of prejudice. *See State v. McLemore*, 230 Ariz. 571, 575-76, ¶ 15 (App. 2012).

**¶5**        A defendant has a right to represent himself at trial. *See Faretta v. California*, 422 U.S. 806, 818-19 (1975). To invoke this right, a competent defendant must knowingly and voluntarily invoke his right to self-representation. *See State v. Weaver*, 244 Ariz. 101, 104, ¶ 8 (App. 2018) (citations omitted). A demand to represent oneself must also be unequivocal. *Id.* (citing *McLemore*, 230 Ariz. at 576, ¶ 17).

**¶6**        Here, Davis' demand to represent himself was not unequivocal. He conditioned his demand on his attorney's unwillingness to file requested motions. Davis' demands were preceded by conditional phrases, "if [the attorney] doesn't want to [file the requested motions], then I'm willing to put in the motions to go pro per myself," and "if [he does not think there is a legal basis for the requested motions], I have to file, I have to go pro per." These conditional statements leave open the possibility that Davis did not want to represent himself if his attorney fulfilled his requests. By placing conditions upon his desire to represent himself, Davis did not make an unequivocal demand.

**¶7**        Even if his demand was unequivocal, however, he subsequently abandoned his motion for self-representation. A defendant may abandon his *Faretta* motion. *See McLemore*, 230 Ariz. at 582, ¶ 36. When

determining whether abandonment has occurred, we consider the totality of the circumstances. *Id.* at 580, ¶ 29. We consider—among other factors— "the defendant's opportunities to remind the court of a pending motion [and] defense counsel's awareness of the motion." *Id.* at 582, ¶ 35. In this case, after his unanswered request, Davis attended eight pretrial conferences with his attorney. He did not raise his allegedly pending motion at any of these opportunities, suggesting he no longer desired to represent himself. Further, as stated before, Davis' *Faretta* motion was conditional, depending upon whether his attorney fulfilled certain requests. Davis argued the State had not disclosed discovery items it possessed. At conclusion of the pretrial conference in which Davis made his conditional demand to represent himself, the court ordered the State to provide outstanding discovery. This, combined with Davis' subsequent failure to remind the court about or re-urge his motion, indicates his requests had been fulfilled, and he had abandoned his *Faretta* motion. In addition, his attorney was aware of his motion. The court, on two later occasions, asked his attorney if there were any outstanding motions. On both occasions, his attorney told the court—with Davis present in the courtroom—that there were none. We find no abuse of discretion.

> II. *The court did not reversibly err by not allowing Davis to represent himself after his guilty verdict.*

**¶8**          After Davis was convicted of theft of means of transportation, he unequivocally requested to represent himself. The court began the colloquy to ensure his request was knowing and voluntary. During the colloquy, Davis told the court he was willing to receive the maximum amount of time he could receive in prison. The court denied the motion for self-representation. Davis argues this denial was reversible error. Again, we review for an abuse of discretion. *See Boggs*, 218 Ariz. at 338, ¶ 62.

**¶9**          Although we view the erroneous denial of a pretrial or mid-trial *Faretta* motion as structural error, the post-trial denial of a motion for self-representation is subject to harmless-error review. Structural errors "affect the entire conduct of the trial from beginning to end, and thus taint the framework within which the trial proceeds." *State v. Henderson*, 210 Ariz. 561, 565, ¶ 12 (2005) (citations and internal quotations omitted). In contrast, a post-trial denial of a motion for self-representation does not affect the framework of the trial. Our analysis is supported by decisions of the Ninth Circuit. *See United States v. Maness*, 566 F.3d 894, 896-97 (9th Cir. 2009); *see also United States v. Walters*, 309 F.3d 589, 592-93 (9th Cir. 2002) (reviewing an alleged sentencing error involving representation for harmless error).

¶10 Even assuming without deciding the court erred, Davis cannot demonstrate prejudice. If he had represented himself, Davis would have received the same sentence. At a pre-sentencing hearing, the State presented evidence, and the court found beyond a reasonable doubt, that Davis was convicted of a class 2 felony for an offense committed on March 29, 2004. The current offense was committed on July 24, 2016. For a class 2 felony to be a historical prior felony, it must have been committed within ten years of the current offense. *See* A.R.S. § 13-105(22)(b). Because the calculation period excludes Davis' five-year period of incarceration, the class 2 felony is a historical prior felony. *See* A.R.S. § 13-105(22)(b). Davis also testified at trial that he committed another felony within five years of the commission of the charged offense, thereby admitting another historical prior felony. *See* A.R.S. § 13-105(22)(b)-(c). With two historical prior felonies, Davis was required to be sentenced as a Category 3 offender for a class 3 felony offense. *See* A.R.S. § 13-703(C). Further, the jury found Davis was on probation at the time of the offense, meaning he had to be sentenced to at least the presumptive term. *See* A.R.S. § 13-708(C). The jury also found the State had not proven any of the other alleged aggravating factors, meaning Davis could not have received a maximum or aggravated sentence. *See* A.R.S. §§ 13-701(C), -703(K). Therefore, Davis—regardless of representation—could only have been sentenced to 11.25 years' imprisonment. *See* A.R.S. § 13-703(J)-(K). Accordingly, Davis cannot demonstrate prejudice.

**CONCLUSION**

¶11 Davis' conviction and sentence are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA