**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30270 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00111-WFN-3 |
| v. | |
| PATRICK ELLIOTT PEARSON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Argued and Submitted March 26, 2024
Seattle, Washington

Before: WARDLAW and MILLER, Circuit Judges, and CORLEY,** District Judge.

Patrick Pearson appeals his conviction for (1) conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), all in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jacqueline Scott Corley, United States District Judge for the Northern District of California, sitting by designation.

violation of 21 U.S.C. § 846; (2) assault of six federal agents with a deadly and dangerous weapon, in violation of 18 U.S.C. § 111(a)(1), (b); (3) discharge and use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and (4) possession of a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Pearson to 420 months in prison, to be followed by a five-year term of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.     The district court properly denied Pearson's motion to suppress evidence intercepted pursuant to an order authorizing a Title III wiretap. We review de novo whether an application for a wiretap order is supported by a full and complete statement of the facts and review for abuse of discretion the issuing court's conclusion the wiretap was necessary. *United States v. Rivera*, 527 F.3d 891, 898 (9th Cir. 2008).

The 141-page affidavit in support of the government's wiretap application contained a full and complete statement of facts in compliance with 18 U.S.C. § 2518(1)(c). The affidavit explains why the wiretap was necessary to investigate the drug trafficking conspiracy by describing "(1) the efforts undertaken and (2) why the results were insufficient or why a proffered technique would be unavailing in the context of this particular drug conspiracy investigation." *United States v. Reed*, 575 F.3d 900, 909 (9th Cir. 2009). The government sought wiretaps only

after numerous investigative techniques applied over 15 months failed to yield key information about the conspirators, suppliers, and cash flow of the drug trafficking organization. Because the government's wiretap application provided sufficient basis to find "the wiretap order was essential to the success of the conspiracy investigation," the issuing court did not abuse its discretion in authorizing the wiretap. *Id*. at 910.

Although the affidavits did not include a cooperating defendant's limited identification of the conspiracy's main supplier, "this failure, given the level of detail in the affidavit as a whole, does not render the affidavit inadequate for purposes of § 2518(1)(c)." *United States v. Estrada*, 904 F.3d 854, 862 (9th Cir. 2018) (quotation marks and internal citation omitted). And, in any case, the omission was immaterial because the cooperating defendant's identification would not have affected the issuing court's necessity determination. *United States v. Ippolito*, 774 F.2d 1482, 1485–86 (9th Cir. 1985).

2. The district court did not err by denying Pearson's request for a *Franks* hearing regarding the information omitted from the government's wiretap application. "[W]e review de novo the district court's denial of a *Franks* hearing" but review for clear error a district court's underlying materiality findings. *United States v. Bennett*, 219 F.3d 1117, 1124 (9th Cir. 2000).

Pearson made two requests for a *Franks* hearing. The first he agreed was

3

moot, but he did not waive the second *Franks* request contained within his motion to suppress. *See United States v. Depue*, 912 F.3d 1227, 1232–33 (9th Cir. 2019). However, Pearson failed to show that the government omitted material evidence from its wiretap affidavit. *United States v. Barragan*, 871 F.3d 689, 701 (9th Cir. 2017) ("To obtain a *Franks* hearing, [the defendant] was required to make a substantial preliminary showing that . . . the statement was material to the necessity finding."). Accordingly, the district court did not err in denying Pearson's *Franks* request. *See Bennett*, 219 F.3d at 1124–26.

3. Even if the district court erred by admitting testimony regarding Pearson's gang affiliation, that error was harmless. Error is harmless if "it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *United States v. Walters*, 309 F.3d 589, 593 (9th Cir. 2002) (internal quotations and citation omitted). Any prejudice caused by the admission of gang-affiliation evidence was cured by the district court's limiting instruction, *see United States v. Takahashi*, 205 F.3d 1161, 1164–65 (9th Cir. 2000), and the overwhelming evidence of Pearson's guilt.

4. Pearson argues that his trial counsel provided ineffective assistance in violation of the Sixth Amendment by stipulating to the admissibility of controlled substances. Because the record is insufficiently developed to evaluate trial counsel's performance and Pearson was not obviously denied his Sixth

4

Amendment right to counsel, we decline to review Pearson's ineffective assistance claim on direct appeal. *United States v. Liu*, 731 F.3d 982, 995 (9th Cir. 2013).

5.      Because Pearson fails to identify multiple trial errors, his cumulative error claim fails. *United States v. Easter*, 66 F.3d 1018, 1023 (9th Cir. 1995).

**AFFIRMED.**