826 P.2d 816

**STATE of Arizona, Appellee,**

v.

**Glenn Roy BINDER, Appellant.**

**No. 1 CA–CR 90–494.**

Court of Appeals of Arizona, Division 1, Department B.

March 3, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Div., and Joseph T. Maziarz, Asst. Atty. Gen., Phoenix, for appellee.

John C. Williams, Prescott, for appellant.

OPINION

KLEINSCHMIDT, Judge.

The defendant, Glenn Roy Binder, was charged with three counts of transferring, selling or offering to sell a dangerous drug, and three counts of possessing a dangerous drug for sale. Six days prior to

trial, the defendant's attorney filed a motion to withdraw as counsel, alleging that she and the defendant had a personality conflict, had difficulty communicating with one another and that the defendant did not feel he was receiving effective assistance of counsel. The motion also requested that the defendant be allowed to represent himself with or without advisory counsel.

At the hearing on the motion to withdraw, two days prior to trial, the defendant stated, "I'd like to act as my own attorney and keep Rhonda as my legal advisor." The court inquired into the defendant's background, experience and knowledge of the law and informed the defendant of the dangers of self-representation. The court then denied the request saying, "Okay. Here's my problem. See, you're not even able to answer my questions about trial procedure or proceedings. And I'm afraid you'll get up and do something that will be highly prejudicial to you as far as the jury's concerned."

After a jury trial, the defendant was found guilty on four of the six counts. The sole issue on appeal is whether the court abused its discretion in denying him the right to represent himself.

■ Implicit in the sixth amendment to the United States Constitution is the right of the defendant to represent himself. *See Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Any waiver of counsel must, however, be knowing and voluntary. *State v. De Nistor,* 143 Ariz. 407, 412, 694 P.2d 237, 242 (1985). To meet these criteria, the defendant must be "made aware of the dangers and disadvantages of self-representation." *State v. Jones,* 146 Ariz. 278, 280, 705 P.2d 955, 957 (App.1985) (quoting *Faretta v. California,* 422 U.S. at 835, 95 S.Ct. at 2541). Further, any motion for self-representation must be timely—that is, it must be made before a jury is empaneled. *De Nistor,* 143 Ariz. at 412, 694 P.2d at 242. Finally, the request must be unequivocal. *State v. Hanson,* 138 Ariz. 296, 300, 674 P.2d 850, 854 (App. 1983).

■ On the record before us, the defendant should have been allowed to represent himself. As was made clear in *Faretta,* 422 U.S. at 836, 95 S.Ct. at 2541, and again in *State v. Mott,* 162 Ariz. 452, 457–58, 784 P.2d 278, 284–85 (App.1989), while the trial court may consider a defendant's background, experience, and his understanding of his rights and the role of counsel, a defendant's technical legal knowledge is irrelevant to an assessment of whether there is an intelligent and knowing waiver of counsel.

■ The state does not take the position that the defendant's request to represent himself was not a knowing, voluntary and intelligent waiver of the right to counsel. Instead, it asserts that the request for self-representation was conditioned on his receiving a continuance. We disagree. The request followed the denial of a motion to continue, and it was never couched in conditional terms.

We are aware that in a motion for new trial filed by defendant's counsel, counsel argued, among other things, that the court abused its discretion in denying the pretrial request for a continuance because the defendant was dissatisfied with the lawyer he had and wanted to consult another attorney. This is not necessarily inconsistent with a sincere and unequivocal request for self-representation under the circumstances that confronted the defendant when he made the request. In any event, it is clear from the record that the judge did not deny the motion for self-representation because he believed it was disingenuous or tied to the request for a continuance. The judge denied the request for the irrelevant reason that he did not believe the defendant could do an adequate job of representing himself.

■ The state also argues that the defendant's request was ambiguous because he never proffered a written waiver of the right to counsel. Again we disagree. The defendant expressly said that he wanted to represent himself, and the trial judge recognized this when he addressed the defendant's capabilities and discussed dangers and pitfalls of self-representation. The ab-

sence of a written waiver does not make the request equivocal. The purpose of the written waiver is to insure that a claim of a waiver is knowing, voluntary and intelligent, not simply to prove or disprove that a request is unequivocal. *See State v. Castoe*, 114 Ariz. 47, 559 P.2d 167 (App.1976). We assume that, as a practical matter, such waivers are often executed only after the judge indicates his intention to grant a motion for self-representation.

The convictions are vacated and the case remanded for a new trial.

JACOBSON, P.J., and GARBARINO, J., concur.