NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MELISSA PAVEY, *Appellant.*

No. 1 CA-CR 21-0322
FILED 10-25-2022

Appeal from the Superior Court in Maricopa County
No. CR2018-001783-001
The Honorable Teresa A. Sanders, Judge Retired

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Diane L. Hunt
*Counsel for Appellee*

Maricopa Public Defenders Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Michael J. Brown joined.

_____

**P E R K I N S**, Judge:

¶1          Melissa Pavey appeals her convictions and argues the superior court denied her right to represent herself. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2          Pavey acquired a dental practice around 2016. Later, Pavey performed dental procedures without the required licensing and education. Pavey also used the identities of dentists previously employed at the practice to obtain prescription medicine and bill for dental services. While performing and overseeing unlicensed procedures, Pavey caused many injuries, including the incorrect installment of a dental bridge that needed several repairs, an unfinished tooth alignment procedure, and an accidental tooth drilling. Pavey was arrested and charged with several crimes related to the dental practice.

¶3          Because Pavey failed to pay attorney's fees, her first private counsel withdrew. A court-appointed attorney took over representation. Pavey then filed motions to dismiss her court-appointed counsel, appoint "stand-by" counsel, and represent herself. Counsel moved to withdraw from the representation due to failed communication with Pavey and the judge granted counsel's motion. The superior court judge told Pavey that she would be "better off with a lawyer than without one" because Pavey would be "expected to know the rules of evidence, the rules of procedure, the law, and be your own lawyer." The judge then told Pavey she would appoint new counsel, and Pavey thanked the judge.

¶4          After spending some time working with her third attorney, Pavey again filed motions to dismiss counsel, appoint "stand-by" counsel, and represent herself. The judge said she would appoint Pavey new counsel, but it would be the last time. Pavey indicated that she understood. The judge said the new counsel could serve as advisory counsel to Pavey's self-representation "depending [on] what the circumstances are," but

"highly recommended" assistance of counsel because of the complexity of Pavey's charges. Pavey's fourth counsel withdrew due to a conflict of interest.

¶5 The court appointed fifth counsel. A jury then convicted Pavey of fraudulent schemes and artifices, aggravated assault, theft, three counts of assault, and taking the identity of another person. At the sentencing hearing Pavey stated that she no longer wanted the assistance of fifth counsel and expressed dissatisfaction with this counsel's failure to file a motion to stop trial on day four. The court did not dismiss Pavey's counsel and moved forward with sentencing. Pavey received the minimum sentence on each count. Pavey appealed, contending the superior court denied her right to represent herself three times. We have jurisdiction pursuant to A.R.S. § 12-120.21(A)(1) and § 13-4031.

## DISCUSSION

### I.      Right to Self-Representation

¶6 The United States Constitution and the Arizona Constitution guarantee criminal defendants the right to self-representation. *Faretta v. California*, 422 U.S. 806, 819 (1975); Ariz. Const. art. 2, § 24; *State v. McLemore*, 230 Ariz. 571, 575, ¶ 14 (App. 2012). The right to counsel may be waived if the waiver is in writing and the trial court determines it is knowing, intelligent, and voluntary. Ariz. R. Crim. P. 6.1(c). A self-representation request is considered timely if it is made "before the jury is empaneled." *State v. Lamar*, 205 Ariz. 431, 436, ¶ 22 (2003). The trial court has discretion when ruling on an untimely motion for self-representation. *State v. De Nistor*, 143 Ariz. 407, 412–13 (1985). When a defendant timely and unequivocally invokes the right to proceed *pro per*, the court must do its protective duty "to ascertain whether the defendant has the capacity, and chooses, to make a knowing, intelligent, voluntary, and thus, constitutional waiver of the right to counsel." *McLemore*, 230 Ariz. at 577, ¶ 21.

¶7 If a motion for self-representation is abandoned or withdrawn, the court need not do its "protective duty." *Id.* at 579, ¶ 25. We look at the totality of the circumstances to determine whether a defendant intended to abandon a motion for self-representation. *Id.* at 580, ¶ 29. Relevant factors include: "a consideration of the defendant's opportunities to remind the court of a pending motion, defense counsel's awareness of the motion, any affirmative conduct by the defendant that would run counter to a desire for self-representation, whether the defendant waited until after a conviction to complain about the court's failure to rule on his

or her motion . . ., and the defendant's experience with the criminal justice system and waiving counsel." *Id.* at 582, ¶ 35.

### A. First *Pro Per* Attempt

**¶8** Pavey alleges that she moved to represent herself three times. The first time, Pavey moved to dismiss her second counsel and have "stand-by" counsel appointed so she could proceed *pro per*. This first motion was timely because it came before trial and triggered the superior court's "protective duty." *Id.* at 579, ¶ 25. Rather than conduct the inquiry, the superior court explained to Pavey why retaining counsel was the more prudent choice and appointed new counsel.

**¶9** The court should have held a hearing to determine the authenticity of Pavey's desire to self-represent. But Pavey abandoned the motion. One of the relevant factors in our totality of the circumstances analysis includes "affirmative conduct by the defendant that would run counter to a desire for self-representation." *Id.* at 582, ¶ 35. When the judge appointed new counsel, Pavey thanked the judge and began working with her third attorney. Pavey showed no conduct indicating a continuing intent to proceed *pro per*. The record shows that she intended to abandon her first attempt to proceed *pro per*. *See id.* at 579, ¶ 25.

### B. Second *Pro Per* Attempt

**¶10** Pavey then filed a motion to dismiss her third counsel, have "stand-by" counsel appointed, and proceed *pro per*. Her motion was timely and should have triggered the superior court's "protective duty." *See id.* at 577, ¶ 21. The judge again advised having counsel and informed Pavey this would be the last counsel appointment, but this fourth counsel could serve in an advisory role.

**¶11** After her fourth counsel withdrew due to a conflict of interest, Pavey worked with fifth counsel through the conclusion of trial. Pavey again showed a lack of intent to proceed *pro per*—she did not demonstrate a desire for new counsel or that she intended any new counsel to serve only as advisory. *See id.* at 580, ¶ 29. Pavey thus abandoned her second motion to proceed *pro per*.

### C. Third *Pro Per* Attempt

**¶12** At the sentencing hearing, Pavey made her last attempt to proceed *pro per*. A defendant must make a request to proceed *pro per* unequivocally. *Lamar*, 205 Ariz. at 436, ¶ 22. Pavey's request to represent

herself at sentencing was for the purpose of challenging her convictions rather than litigating the sentencing phase of her case. At the hearing, Pavey only voiced her concerns about the trial process rather than sentencing issues. The court noted that she could file an action for post-conviction relief to address those concerns. Based on Pavey's statements, she did not intend to proceed *pro per* for the purposes of the sentencing hearing and did not unequivocally assert the right to self-representation. She only sought to explain why she thought the trial process was unfair. And there is no indication that Pavey's lack of ability to represent herself negatively contributed to her sentencing: she received the most favorable outcome available at the sentencing phase. The record does not establish that the court abused its discretion in denying her third request.

**CONCLUSION**

¶13       We affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AA

5