NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

OLEGARIO ATONDO-RENTERIA, *Appellant.*

No. 1 CA-CR 22-0582
FILED 1-23-2024

Appeal from the Superior Court in Maricopa County
No. CR2019-153040-001
The Honorable Margaret LaBianca, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Kathryn A. Damstra
*Counsel for Appellee*

The Susser Law Firm, PLLC, Chandler
By Adam M. Susser
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Anni Hill Foster joined.

**C A T T A N I**, Judge:

¶1        Olegario Atondo-Renteria appeals his convictions and sentences for robbery, attempted robbery, and criminal trespass.  Atondo-Renteria argues the superior court erred by denying his request for self-representation and by sentencing him as a repetitive offender.  For reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In 2019, Atondo-Renteria robbed the cashier at a grocery store, attempted to rob the cashier at a butcher shop, and trespassed at another business.  The State charged Atondo-Renteria with armed robbery, attempt to commit armed robbery, and second-degree criminal trespass.[1] Several months before trial, Atondo-Renteria asked to represent himself. The superior court denied the request, finding he lacked the capacity for self-representation.  Atondo-Renteria was later found competent to stand trial.

¶3        Atondo-Renteria testified on his own behalf at trial, largely admitting the allegations but maintaining that he was not armed.  While testifying, Atondo-Renteria admitted he had been convicted of a felony offense in 2015.  The jury found Atondo-Renteria guilty of criminal trespass as charged and of the lesser-included offenses of robbery and attempt to commit robbery.  Based on the prior conviction Atondo-Renteria admitted on the stand, the court sentenced him as a category two repetitive offender. *See* A.R.S. § 13-703(B).

¶4        Atondo-Renteria timely appealed, and we have jurisdiction under A.R.S. § 13-4033(A).

---

[1]        Although the State initially charged two counts of first-degree criminal trespass as well, those counts were dismissed without prejudice on the State's motion.

## DISCUSSION

### I. Self-Representation.

¶5        Atondo-Renteria argues the superior court violated his Sixth Amendment right to self-representation by denying what he contends was his knowing, intelligent, and voluntary request to represent himself at trial. We review the denial of a defendant's request for self-representation for an abuse of discretion, *State v. Underwood*, 255 Ariz. 86, 88, ¶ 9 (App. 2023), assessing whether, when considering the facts in the light most favorable to sustaining the ruling, reasonable evidence supports it. *State v. Ibeabuchi*, 248 Ariz. 412, 416, ¶ 15 (App. 2020). Wrongful denial of self-representation is structural error requiring reversal without a showing of prejudice. *Underwood*, 255 Ariz. at 88, ¶ 9.

¶6        A criminal defendant has a fundamental constitutional right to self-representation. U.S. Const. amend. VI; Ariz. Const. art. 2, § 24; *Faretta v. California*, 422 U.S. 806, 821 (1975). But to opt for self-representation, a defendant must waive the right to counsel and "knowingly and intelligently" choose to forgo the benefits of having such counsel. *Faretta*, 422 U.S. at 835; *see also* Ariz. R. Crim. P. 6.1(c). The defendant thus must have the capacity to make such a waiver before being allowed to proceed pro se. *State v. McLemore*, 230 Ariz. 571, 577, ¶ 21 (App. 2012). This requires that the defendant have the ability to at least "minimally participate in the process as an advocate," as by "understand[ing] the nature of the dispute; formulat[ing] a defense strategy; and engag[ing] with the court, counsel, witnesses and, in some cases, the jury." *Ibeabuchi*, 248 Ariz. at 416, ¶ 16. Likewise, the defendant must be "able and willing to abide by rules of procedure and courtroom protocol." *McKaskle v. Wiggins*, 465 U.S. 168, 173 (1984).

¶7        Atondo-Renteria contends the court erred by denying his request to represent himself because the record shows that he understood the nature of the charges against him, the dangers and disadvantages of self-representation, and possible punishment upon conviction. But although that evidence established that he was competent to stand trial, s*ee Dusky v. United States*, 362 U.S. 402, 402 (1960), competency to stand trial does not automatically establish capacity for self-representation. *See Indiana v. Edwards*, 554 U.S. 164, 178 (2008) ("States [may] insist upon representation by counsel for those competent enough to stand trial [] but who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves."); *see also Ibeabuchi*, 248 Ariz. at 412, ¶ 19 (describing "gray-area" defendants).

¶8        Here, the record shows that Atondo-Renteria lacked knowledge of basic trial procedures and did not understand how to defend himself in his case.  Although he stated he would listen to what the court, counsel, and witnesses said, he admitted he did not know what questions to ask witnesses and did not understand basic trial concepts.  He admitted he did not know what constituted an opening statement, a closing argument, cross-examination, redirect examination, objections, or what defenses he might have other than that he "didn't do it."  And Atondo-Renteria admitted he only had an elementary school education and limited ability to read and understand English, which could have hindered his ability to pick up the skills needed to defend himself.

¶9        As the superior court observed after a lengthy discussion with Atondo-Renteria, he—by his own admission—"[did]n't know or understand many of the basic principles that would have to be applied . . . to defend [himself] in this case."  The record thus supports the court's ruling that Atondo-Renteria was a gray-area defendant who, although competent to stand trial, was unable to perform "the basic tasks needed to present his own defense without the help of counsel."  *Edwards*, 554 U.S. at 175–76.  Accordingly, the superior court acted within its discretion by denying Atondo-Renteria's request for self-representation.

## II.    Repetitive Offender Sentence Enhancement.

¶10        Before trial, the State alleged Atondo-Renteria had two historical prior felony convictions.  Atondo-Renteria admitted having one of those priors while testifying: a federal felony conviction for illegal reentry of a removed alien committed in 2015.  The superior court found that the admitted felony qualified as a historical prior felony conviction and sentenced Atondo-Renteria to enhanced terms of imprisonment as a category two repetitive offender.  *See* A.R.S. §§ 13-105(22)(e), -703(B), (I).

¶11        Atondo-Renteria now contends the superior court erred by sentencing him as a repetitive offender because there was no showing of conformity between the elements of his out-of-jurisdiction prior conviction and an Arizona felony offense.  He did not raise this issue before the superior court, so we review only for fundamental, prejudicial error.  *See State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018).  Regardless of the standard of review, however, Atondo-Renteria's argument is based on a faulty premise.

¶12        As of 2012, the Legislature eliminated the requirement that an out-of-jurisdiction offense have an Arizona analogue to qualify as a

historical prior felony conviction warranting an enhanced sentence. *See* 2012 Ariz. Sess. Laws, ch. 190, §§ 1–2; *see also State v. Large*, 234 Ariz. 274, 281, ¶ 23 (App. 2014). Instead, an out-of-jurisdiction offense qualifies as a historical prior felony conviction for sentence enhancement purposes if it "was punishable by that jurisdiction as a felony and . . . was committed within the five years immediately preceding the date of the present offense." A.R.S. § 13-105(22)(e); *see also* A.R.S. § 13-703(M) (similar). And an individual with one such historical prior felony conviction is subject to enhanced sentencing as a category two repetitive offender. A.R.S. § 13-703(B). Because Atondo-Renteria admitted a prior felony conviction committed less than five years before the present offenses, the offense qualified as a historical prior felony conviction and the superior court properly sentenced him as a category two repetitive offender. *See* A.R.S. §§ 13-105(22)(e), -703(B).

**CONCLUSION**

¶13        For the foregoing reasons, we affirm.

