NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SHAUN MICHAEL SCHULTE, *Appellant.*

No. 1 CA-CR 18-0202
FILED 8-20-2019

Appeal from the Superior Court in Maricopa County
No. CR2017-001025-001
The Honorable Christopher A. Coury, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michelle Hogan
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfield
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Chief Judge Peter B. Swann joined.

---

**T H U M M A**, Judge:

¶1        Shaun Schulte appeals his conviction and sentence for computer tampering. Schulte argues the superior court violated his right to self-representation by applying an incorrect standard when denying his request to waive counsel and represent himself. Because Schulte's request was untimely and equivocal, he has shown no error. Accordingly, his conviction and sentence are affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2        In January 2017, a grand jury indicted Schulte on three counts of computer tampering, each a Class 5 felony, alleged to have been committed on three separate days in July and August 2015. Before trial, after a request by Schulte's counsel, the court ordered a competency evaluation. *See* Ariz. R. Crim. P. 11.2 (2019).[1] Based on the evaluations of three doctors, in September 2017, the court found Schulte competent to stand trial.

¶3        Schulte's trial took place in January 2018, and he was represented by counsel throughout. On the second day of trial, Schulte told the court that, at specific times the previous day, during voir dire, someone had "used a laser pointer" on him causing "markings on [his] head, on [his] hair." Schulte suggested it would be improper to proceed without investigating his claims and asked the court to review video of the proceedings. The court informed Schulte it would do so but overruled his request to continue trial, reassuring Schulte that if the court discovered "some impropriety, [it could] certainly pump the brakes and figure out what's going on." Based on Schulte's behavior, the State asked, and the court ordered that Schulte (who was not in custody) undergo drug testing that same day. Schulte did so, testing positive for methamphetamine, and "admitted to [his] Pretrial Services Officer that he had used the

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

methamphetamine on January 17, 2018, the day he believed that lasers had been pointed at him in the courtroom."

¶4 Nearly a week later, after the close of evidence but before closing arguments, the following lengthy exchange took place in open court outside of the presence of the jury:

DEFENSE COUNSEL: Judge, Mr. Schulte would like to –

THE COURT: Hi, Mr. Schulte.

DEFENDANT: I'm at odds with my Counsel as far as a defense as far as closing arguments. And maybe I could—I'm at a loss what I should do. I mean fundamental, complete different odds. And I wanted to—I don't want to dismiss my Counsel. But I can't—if my counsel is unable to even reportedly mention what I'd like to have mentioned. I can't— I don't believe it's a legal argument and I don't believe it's an argument that I even would be able to carry as far as moving forward. I do want to move forward but I'm sorry, I can't. We're at odds.

THE COURT: Let me ask [defense counsel] without divulging any confidence is the argument that he's asking you to make a proper argument in so far as it relates to evidence introduced during the trial?

DEFENSE COUNSEL: It's not a proper argument, Your Honor.

THE COURT: All right.

DEFENDANT: I would—

THE COURT: Mr. Schulte, I'm going to be very clear with you, sir. Lawyers—and if you were representing yourself, you would be subject to the same standards. You cannot argue anything you want to at closing arguments. It has to be based entirely and only on the evidence and the reasonable inferences from th[at] evidence at trial. . . .

What I'm being told is—what I'm being told is that the argument that you want to raise is not a proper one which means that any lawyer, were you to substitute out your

lawyer[,] even though you're at odds, this is not an irreconcilable conflict under State [versus] Cromwell and State versus Torres.

Considering, you know, that any new Counsel would be presented with the same conflict. At the time of the motion we are ready to go to closing argument right now. This is a single disagreement over defense strategy and a strategy you want to utilize is one that you cannot utilize under the rules.

DEFENDANT: Your Honor, may I?

THE COURT: Sure.

DEFENDANT: I disagree with you because I have not divulged specific strategy as far as how to approach this. I just have a different way of approaching the argument. I wouldn't bring anything in new. I wouldn't bring anything out of order or that hasn't been introduced into evidence. Specifically the evidence at hand—and there's nothing else to—there's nothing I would be able to bring forth, only the testimony of the witnesses and exhibits that are at hand.

While it's characterized by [defense counsel as] something different, I don't believe it is. I believe it's skirting but it's not there. It's not going to broach or bring in any new evidence at all.

THE COURT: All right.

DEFENDANT: But I do apologize about the late timing of the this. But we've been talking about it the last couple days and I am just now coming to a final like would you mention this and this?

THE COURT: All right. Mr. Schulte, I'm going to deny your request at this time to represent yourself. I don't hear enough of a sufficient basis that entitles you to a new lawyer for the reasons that I said.

Let's put it this way, I want to supplement the record by pointing out the following. . . . I've been informed there's one prior—you have been convicted once before, [and] that is not historical because you were adjudicated to be guilty but

4

insane. You've gone through two Rule 11 proceedings in this case.

DEFENDANT: That's not correct.

THE COURT: Well, in a prior case.

DEFENSE COUNSEL: One other case, Your Honor.

THE COURT: I'm sorry?

THE STATE: It's two in the previous 2015 case and one time in Rule 11 in the 2017 matter.

THE COURT: Very good. I understand the 2015 case and the current case arise out of the same transaction or occurrence, generally speaking, am I right?

THE STATE: Yes, Your Honor.

DEFENSE COUNSEL: Yes, Your Honor.

DEFENDANT: Rule 11—

THE COURT: In addition, sir, some of the statements that you made the other day concerning the lasers [. . . ] I have a ruling, I reviewed the record. I don't see any indication on your head.

In addition, you have not been compliant with the pre-trial release conditions. And [. . .] you tested positive for methamphetamine on the very day that you believed that you saw lasers coming from this jury which is not substantiated.

The bottom line is that I don't—there is not a legal basis to allow you to represent yourself. I have questions concerning your ability to do so and your ability to follow the law. In addition, I find that there's no basis for you to substitute lawyers at this late hour in this case in trial. For those reasons, your request is denied and we're going to proceed at this point in time.

DEFENDANT: Does that—I agree, Your Honor, and I will abide by your ruling. But I do object to it and also does that mean you're questioning my competency now?

THE COURT: No not questioning your competency, sir, you appear visibly agitated. You appeared agitated at several points during this trial. And you can be competent but not be able to represent yourself. Let's put it that way.

And at this point in time, I'm not going to allow you to do that because I've been provided no offer of proof of any sort of argument that you can make that would be proper that your lawyer will not make. And again a single disagreement over strategy does not entitle you to a new lawyer. [Bailiff], bring in the jury.

¶5 After closing arguments and deliberation, the jury found Schulte guilty of one count of computer tampering and not guilty of the other two counts. The court suspended Schulte's sentence and placed him on three years' intensive probation, with an initial term of six months in jail. Schulte timely appealed, and this court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031 and 13-4033(A).

## DISCUSSION

¶6 On appeal, Schulte characterizes his statements in the exchange quoted above as a request to waive his right to counsel and represent himself. He argues the court applied the wrong standard for competency when denying that request, erroneously applying a "higher standard that Arizona has never adopted."

¶7 "A defendant has a constitutionally protected right to be represented by counsel or to proceed without counsel if she so chooses." *State v. De Nistor*, 143 Ariz. 407, 412 (1985) (citing *Faretta v. California*, 422 U.S. 806 (1975) and Ariz. Const. art. 2, § 24). "[A]n erroneous failure to accord a defendant his properly asserted right to represent himself when he is competent to waive counsel in a criminal case is structural error requiring reversal without a showing of prejudice." *State v. McLemore*, 230 Ariz. 571, 575-76 ¶ 15 (App. 2012).

¶8 "A defendant may waive the right to counsel if the waiver is in writing and if the court finds that the defendant's waiver is knowing, intelligent, and voluntary." Ariz. R. Crim. P. 6.1(c). In addition, the defendant is required to "make an unequivocal and timely request to proceed pro se." *State v. Lamar*, 205 Ariz. 431, 435-36 ¶ 22 (2003).

¶9        As directed by the Arizona Supreme Court, to be timely, the request must be made "before the jury is empaneled." *Lamar*, 205 Ariz. at 436 ¶ 22. "If the request is untimely, then whether defendant will be given the opportunity to waive counsel is within the discretion of the trial court." *De Nistor*, 143 Ariz. at 413; *see also State v. Cornell*, 179 Ariz. 314, 326 (1994) ("A defendant's right to discharge counsel and proceed in propria persona is a qualified right once trial has begun."). The unequivocal request requirement ensures "that a defendant does not inadvertently waive counsel while thinking aloud about the benefits and pitfalls of self-representation," and also "prevents a defendant from 'taking advantage of the mutual exclusivity of the rights to counsel and self-representation.'" *State v. Henry*, 189 Ariz. 542, 548 (1997) (citations omitted).

¶10       Schulte's request was untimely. The statements quoted above came after the close of evidence, long after jury empanelment and with only closing arguments remaining. *See Lamar*, 205 Ariz. at 436 ¶ 22. In fact, Schulte does not suggest his request was timely. Instead, he argues that because the superior court did not deny his motion based on timeliness or equivocality, this court may not affirm on those bases. Not so. This court may affirm the superior court if it was correct for any reason. *State v. Perez*, 141 Ariz. 459, 464 (1984).

¶11       Moreover, Schulte's statements quoted above do not amount to an unequivocal request to proceed as a self-represented party. At no point did Schulte express a desire to represent himself. Schulte instead stated he was "at odds with" his attorney "as far as a defense as far as closing arguments," was "at a loss what [he] should do," did not "want to dismiss [his] Counsel," and "want[ed] to move forward" but could not, because he and his attorney were "at odds." These statements, at best, suggest he sought to make a specific argument that his attorney believed to be improper, and he could have done so in one of three ways: (1) proceed with his assigned counsel and convince counsel to make the argument; (2) change counsel; or (3) waive counsel and represent himself. On this record, it is unclear which of these options Schulte sought to exercise, meaning his request was not unequivocal. Indeed, had the court allowed Schulte to represent himself after his ambiguous statements, Schulte "might later have had a compelling argument that he never made a genuine waiver of counsel." *Henry*, 189 Ariz. at 548.

¶12       The transcript and minute entry indicate the court was uncertain of the nature of Schulte's request. The transcript shows that, throughout the exchange, the court at different points spoke to Schulte about the possibility of obtaining new counsel or representing himself

during closing arguments. In fact the court, not Schulte, first raised the self-representation issue. Moreover, the court used language from and cited cases dealing with substitution of counsel rather than waiver of counsel and self-representation. *See State v. Cromwell*, 211 Ariz. 181, 185-88 ¶¶ 19-37 (2005) (affirming denial of defendant's request for new counsel); *State v. Torres*, 208 Ariz. 340, 343 ¶ 8 (2004) (holding that court must grant a request for new counsel where a defendant establishes an "irreconcilable conflict with his attorney"). Similarly, Schulte never completed or filed a written request to waive his right to counsel and never provided a Form 8. *See* Ariz. R. Crim. P. 6.1(c) & Form 8 ("Notice of Right to Counsel and Waiver"). Finally, the minute entry issued by the court characterized Schulte's statements as a "request to represent himself, *or in the alternate* substitution of counsel." Schulte claims on appeal "the trial court's treatment of the issue" in the minute entry "is the best evidence of clarity." To the contrary, the language in the minute entry, and the record as a whole, reveal the court's uncertainty as to the nature of Schulte's request and confirm the request fell short of an unequivocal request for self-representation.

¶13　　　Schulte never timely sought to proceed as a self-represented party. Moreover, his statements made before closing arguments did not amount to an unequivocal request for self-representation and were not followed or accompanied by a written request to waive counsel. The court did not err in denying Schulte's untimely, equivocal request.[2]

**CONCLUSION**

¶14　　　Schulte's conviction and sentence are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:　AA

---

[2] Because Schulte's convictions and sentences are affirmed on these bases, the court need not, and does not address Schulte's arguments related to Arizona's standard governing competency to self-represent.