NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JACOB RYAN OLSON, *Appellant*.

No. 1 CA-CR 24-0411

FILED 01-20-2026

Appeal from the Superior Court in Mohave County
No. S8015CR202400031
The Honorable Derek C. Carlisle, Judge

**VACATED AND REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

Jill L. Evans Attorney at Law, Flagstaff
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Vice Chief Judge David D. Weinzweig joined.

---

**B A I L E Y**, Judge:

¶1　　　　Jacob Ryan Olson appeals his convictions and sentences for unlawful use of means of transportation, first-degree criminal trespass, second-degree burglary, two counts of unlawful flight from a pursuing law enforcement vehicle, and reckless driving. Olson raises several issues, including arguing that the superior court erred in accepting his waiver of counsel. Because the record does not show that Olson knowingly and intelligently waived his right to counsel, we vacate his convictions and remand for a new trial.

**FACTS AND PROCEDURAL HISTORY**

¶2　　　　We view the facts in the light most favorable to upholding the verdicts and resolve all reasonable inferences against Olson. *See State v. Nihiser*, 191 Ariz. 199, 201 (App. 1997).

¶3　　　　One day in December 2023, Olson entered a residential garage in Lake Havasu City, demanded the homeowner relinquish his truck, and led law enforcement officers on a series of high-speed chases. Officers eventually arrested him after finding him hiding on a residential patio.

¶4　　　　Olson remained incarcerated, and he represented himself throughout the proceedings, including at his trial and sentencing. After a two-day trial, the jury found Olson guilty of the lesser-included offense of unlawful use of means of transportation on Count I and guilty as charged on the remaining counts submitted to it.

¶5　　　　After finding Olson was a category-three offender with two historical prior felony convictions, the superior court sentenced Olson to concurrent and consecutive minimum terms totaling fourteen years' imprisonment for the five felony convictions and thirty days in jail with credit for time served for the misdemeanor reckless driving conviction.

**¶6**      Olson timely appealed.  We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1), 13–4031, and 13–4033(A).

## DISCUSSION

**¶7**      Olson appeared with counsel at his preliminary hearing in justice court on what was originally a twelve-count complaint.  At the start of the hearing, he affirmatively waived counsel and insisted that he wished to represent himself.  After a brief discussion that did not include a colloquy to obtain a knowing, intelligent, and voluntary waiver, the court allowed Olson to represent himself.  The court then provided Olson a copy of the complaint and held a brief contested hearing.  The court dismissed the theft of a firearm charge but found probable cause for the remaining charges.  At the close of the preliminary hearing, Olson signed two waiver of counsel forms that listed the charged crimes, included a warning that a guilty verdict could result in severe punishment, including imprisonment, a fine, or some other penalty, and admonished:

> I understand that under the constitutions of the United States and the State of Arizona, I have the right to be represented by an attorney at all critical states of this criminal case: before trial, at the trial itself, and during proceedings to determine what sentence should be imposed if I am guilty.  I understand that if I am unable to obtain the services of an attorney without incurring substantial hardship to myself or to my family, one will be appointed to me, and part or all of the cost will be paid for me.

> I understand that the services of an attorney can be of great value in determining whether the charges against me are sufficient as a matter of law, whether the procedures used in investigating the charges and obtaining evidence against me (sic), committed (sic) actually amounts to the crime of which I am charges (sic), whether I have any other valid defense to the charges, and, if I am found guilty, whether I should be placed on probation, be required to pay a fine, or be sentenced to a term of imprisonment.  I understand that if I am found guilty of the offense charged, the Court may sentence me to a term of imprisonment even though I have given up my rights to an attorney.

The waiver also advised that Olson could change his mind about having an attorney at any time by asking the judge to appoint an attorney for him, but that he could not repeat any part of the case already held without an attorney. Finally, in bold lettering it warned that Olson should not sign the form unless he had read it completely or had it read to him, or if he wanted an attorney. The admonishments did not, however, advise Olson of the dangers and disadvantages of representing himself, much less of the added difficulties of doing so while incarcerated.

**¶8** The State then charged Olson by information with eleven counts, seven felonies and four misdemeanors. At Olson's arraignment, the superior court entered a not guilty plea on Olson's behalf and appointed advisory counsel for Olson after he confirmed he had waived counsel and intended to represent himself. The court read the charges, advised Olson that "in the next few days, the State is going to be required to present to you police reports or disclosure they have in this case," and discussed the potential sentences Olson faced. The superior court did not otherwise revisit the waiver of counsel.

**¶9** Olson argues his waiver of counsel was inadequate and violated his right to counsel under the Sixth and Fourteenth Amendments. He contends he did not knowingly and intelligently waive his right to counsel.

**¶10** We review for an abuse of discretion whether a defendant has knowingly, intelligently, and voluntarily waived counsel. *State v. Gunches*, 225 Ariz. 22, 24, ¶ 8 (2010).

**¶11** A criminal defendant has a constitutional right to be represented by counsel. *See* U.S. Const. amend. VI, XIV; Ariz. Const. art. 2, § 24. Even so, "[t]he United States and Arizona Constitutions guarantee the fundamental right to waive counsel and represent oneself in a criminal trial." *LaCount v. Mroz ex rel. Maricopa Cnty.*, 253 Ariz. 49, 52, ¶ 5 (App. 2022) (citations omitted).

**¶12** "A defendant may waive the right to counsel if the waiver is in writing and if the court finds that the defendant's waiver is knowing, intelligent, and voluntary." Ariz. R. Crim. P. 6.1(c). "Whether an accused has made an intelligent and knowing waiver of counsel is a question of fact." *State v. Doss*, 116 Ariz. 156, 160 (1977) (citation omitted).

**¶13** "A prospective pro se litigant must understand (1) the nature of the charges against him, (2) the dangers and disadvantages of self-representation, and (3) the possible punishment upon conviction." *State v.*

*Dann*, 220 Ariz. 351, 360, ¶ 24 (2009) (citing *State v. Cornell*, 179 Ariz. 314, 323-24 (1994)). "Although a court should warn of the dangers and disadvantages generally inherent in self-representation, . . . it is not reversible error to fail to warn of every possible strategic consideration." *Id.* (quoting *Cornell*, 179 Ariz. at 324); *see also State v. McLemore*, 230 Ariz. 571, 578, ¶ 23 (App. 2012) ("Failing to engage in a particular colloquy with a defendant, failing to warn a defendant of 'every possible strategic consideration' of proceeding *pro se*, or failing to have the defendant sign the written waiver provided for by Rule 6 is not necessarily reversible error.").

**¶14** Even so, Olson's motion triggered the court's protective duty to determine whether his waiver of counsel was knowing, intelligent, and voluntary. *McLemore*, 230 Ariz. at 579, ¶ 25. But neither the justice court nor the superior court (nor Olson's appointed attorney at the preliminary hearing) acted to make Olson aware of the dangers and disadvantages of self-representation, and the waiver forms he signed fell short. The record reflects only that after Olson chose the option of self-representation, the justice court simply accepted the choice after hearing Olson's appointed counsel avow, "[W]e have not had any conversation, because [of] my client's desire. So if it's my client's desire to (indiscernible) counsel or represent himself or waive counsel, I would just have to support it." No further discussion took place between Olson and his appointed attorney, and no one told Olson about the dangers of self-representation or the role— if any—of advisory counsel. In fact, advisory counsel was not even appointed until the preliminary hearing held later that month, and even then, Olson was not advised as to the role of advisory counsel, a concept Olson later demonstrated he did not understand.

**¶15** "Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta v. California*, 422 U.S. 806, 835 (1975) (citation omitted). Here, the complete lack of interaction with the court on Olson's request to waive counsel leaves us unable to evaluate on what basis the judge evaluated the sufficiency of the waiver. Because the record makes clear Olson was never properly warned of the dangers of exercising his right to self-representation, and neither the justice court nor the superior court ever exercised their protective duty to determine whether his waiver of counsel was knowingly, intelligently, and voluntarily made, we vacate his convictions. *See State v. Raseley*, 148 Ariz. 458, 461-62 (App. 1986) (finding error but remanding rather than reversing to determine whether an off-record discussion between the defendant and

his counsel contained warnings of dangers and disadvantages); *United States v. Welty*, 674 F.2d 185, 192-194 (3d Cir. 1982) (reversing and remanding because the defendant was not advised on the dangers of self-representation and "absent any inquiry by the district court into whether [he] truly understood the implications of proceeding pro se, [the court of appeals had] no way of assessing whether [his] decision to represent himself was made knowingly and intelligently"); *McMahon v. Fulcomer*, 821 F.2d 934, 946 (3d Cir. 1987) (concluding the trial court failed to determine whether the defendant knowingly and intelligently waived his right of counsel with an awareness of the dangers and disadvantages inherent in defending himself).

**¶16**　　　　Because our resolution of the waiver of counsel issue is dispositive, we need not address the other arguments Olson raises in appealing his convictions, *see Raseley*, 148 Ariz. at 462, except to note that none of the additional alleged errors required the superior court to declare a mistrial *sua sponte*, as Olson suggests.

## CONCLUSION

**¶17**　　　　Olson's convictions are vacated and the matter is remanded for a new trial.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:　　　　JR